UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION
COLUMBUS, OHIO

| | | |
|---|---|---|
| **JOHN DOE** | : | CASE NO. |
| c/o RITTGERS RITTGERS & | : | |
|    NAKAJIMA | : | JUDGE |
| 12 E. Warren St. | : | |
| Lebanon, OH 45036 | : | |
| | : | |
|        Plaintiff, | : | **COMPLAINT; JURY DEMAND** |
| | : | **ENDORSED HEREON** |
| vs. | : | |
| | : | |
| **BOARD OF EDUCATION OF** | : | |
|    **COLUMBUS CITY SCHOOLS** | : | |
| 270 E. State St. | : | |
| Columbus, Ohio 43215 | : | |
| | : | |
| and | : | |
| | : | |
| **CARMEN GRAFF** | : | |
| 270 E. State St. | : | |
| Columbus, Ohio 43215 | : | |
| | : | |
| and | : | |
| | : | |
| **PATRICK COUGHENOR** | : | |
| 1235 ½ N. 4th St. | : | |
| Columbus, Ohio 43201 | : | |
| | : | |
|        Defendants. | : | |

Now comes Plaintiff, by and through counsel, and for his Complaint states as follows:

## PARTIES

1. Plaintiff is an 18-year-old male and former student of Defendant Board of Education of Columbus City Schools (hereinafter "Board"). Upon acceptance of this Complaint for filing, Plaintiff will move this Court to proceed under the pseudonym "John Doe," as he is the victim of childhood sexual abuse and publicity of his true identity will cause further unwarranted trauma to

1

him. Plaintiff's true identity is known to Defendants, or will be made known to them upon request to Plaintiff's counsel.

2. Board is a political subdivision of the State of Ohio which operates a public school system in Franklin County, Ohio.

3. Defendant, Carmen Graff (hereinafter "Graff"), was the Principal at Clinton Elementary School, the Board building in which Coughenor was employed when she obtained the information and committed the acts and omissions stated elsewhere in this Complaint. Graff is being sued in both her individual and official capacities.

4. Defendant, Patrick Coughenor (hereinafter "Coughenor"), is a former employee of Board who has been convicted of crimes committed upon Plaintiff as described below.

## JURISDICTION AND VENUE

5. Plaintiff incorporates his previous allegations as if fully rewritten herein.

6. This Court has jurisdiction over the federal claims in this case pursuant to 28 U.S.C. § 1331 and over the state claims pursuant to 28 U.S.C. § 1367(a). Venue in this Court is appropriate as the actions giving rise to Plaintiff's claims occurred in Franklin County, Ohio, within this district, and all Defendants reside within the district.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. Plaintiff incorporates his previous allegations as if fully rewritten herein.

8. Coughenor was hired by Board in 2011 as a special education instructional assistant.

9. Only a little more than a year after he was hired, Coughenor was counseled for making sexual advances, innuendos and comments toward another employee.

10. In November 2016, the mother of a 12-year-old male student complained to Graff that Coughenor had been texting her son for a year, often late at night, and that the texts were "over the line."

11. In May 2017, a group of anonymous employees complained to Board's administrators that Coughenor's behavior was unacceptable and required an investigation in the interest of "children's safety."

12. Also in May 2017, Graff admitted to having been informed of concerns about Coughenor's relationships and communications with current students and his keeping in touch with students who had moved on to other schools.

13. Despite knowledge of a four-year history of inappropriate sexually-oriented conduct by Coughenor, in and out of the workplace, including with minor students, Graff took no action to protect students such as Plaintiff from the potential for harm presented by Coughenor.

14. The effect of Graff's omissions was: (a) to condone and facilitate an environment of sexual harassment and sexual grooming perpetrated by Coughenor upon his students; and (b) empowering and emboldening Coughenor to engage in even further offensive and abusive conduct.

15. Plaintiff was taught by Coughenor at Clinton Elementary School, after which Coughenor maintained contact with Plaintiff through school activities and outside the school environment.

16. Unknown to Plaintiff at the time, Coughenor was grooming Plaintiff for sexual exploitation.

17. Coughenor's grooming behavior could have been detected by Board and Graff had Defendants taken actions to protect students from Coughenor's wrongdoing.

18. On or about November 19, 2019, Plaintiff was a 15-year-old student of Board who was working at a school activity at Clinton Elementary School under the supervision of Coughenor when Coughenor coerced Plaintiff into a sexual act.

19. Coughenor has since been convicted of Aggravated Assault against Plaintiff, a fourth degree felony, arising out of the November 19, 2019 offense, in Franklin County Common Pleas Case No. 20CR5813.

20. Prior to the crime, Plaintiff had not been warned of and was not aware of Coughenor's history of sexual harassment, sexual grooming and misconduct.

21. Prior to the crime, Coughenor was being ineffectively supervised and monitored despite the prior complaints about his conduct with other students.

22. Board receives federal funding.

23. Board is responsible for providing public education to minor students, including Plaintiff, through (a) oversight and supervision of all school functions, school property and school student programs; and (b) the hiring, supervision, management, assignment, control and regulation of individuals who serve as staff members, including but not limited to school teachers, as well as the review and supervision of curricula developed by the district, schools and teachers.

24. Board is also responsible for all policies and procedures within the school. This charge and responsibility includes supervision and discipline of teachers and administrators including but not limited to Coughenor.

25. The sexual abuse of Plaintiff occurred while Plaintiff was under the control of Coughenor, in areas of the school to which Coughenor had access by virtue of his employment.

26. Graff and other members of the administration of Board were mandated reporters of child abuse pursuant to Ohio law.

27. Despite knowledge of Coughenor's propensity to sexually harass, offend and intimidate students and knowledge of Coughenor's grooming of students for sexual abuse, Board and Graff nevertheless: (a) permitted Coughenor to have unsupervised access to various rooms and areas of the school; (b) permitted Coughenor to have unsupervised contact with students after hours; (c) did not report the acts of Coughenor to law enforcement that constituted sexual harassment, sexual grooming and sexual abuse; (d) did not competently investigate the complaints of students about Coughenor's conduct; (e) did not warn and/or disclose to the students, including Plaintiff, the concerns about Coughenor; (f) failed to comply with the duties set forth in district policies and procedures and Ohio law and federal law; (g) concealed Coughenor's sexual harassment, sexual grooming and sexual abuse of students prior to Plaintiff's abuse; (h) were deliberately indifferent to the safety, security and well-being of students at Board, including but not limited to Plaintiff; (h) prevented students, including Plaintiff, from receiving an education without a condition of such education being sexual harassment, sexual grooming and sexual abuse; and (i) promoted school policies that fostered a climate to flourish where innocent students, including Plaintiff, were victims of sexual abuse.

## FIRST CAUSE OF ACTION
(Title IX, 20 U.S.C. § 1681, *et seq.*)

28. Plaintiff incorporates his previous allegations as if fully rewritten herein.

29. Title IX of the Education Amendments of 1972 requires that "No person… shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…"

5

30. At least by 2017, Board possessed actual notice that it could be liable under Title IX for teacher-on-student sexual harassment, sexual grooming, sexual discrimination and sexual abuse.

31. At least by 2017, Board possessed actual knowledge of Coughenor's sexual harassment, sexual grooming, sexual discrimination and sexual abuse of students.

32. At least by 2017, Board possessed actual knowledge that Coughenor had a high potential to sexually abuse students.

33. Plaintiff in 2019 was subjected to discrimination in his education at Board based on his gender in that he suffered teacher-on-student sexual harassment, sexual grooming and sexual abuse as a condition of his receipt of an education at Board.

34. Board failed to take appropriate corrective action, thereby acting with deliberate indifference to the rights and safety of Plaintiff in one or more of the following ways: (a) failing to report teacher-on-student sexual harassment, sexual grooming and sexual abuse to appropriate authorities; (b) failing to cure or even attempt to cure obvious and known risks to minor students at Board placed under Coughenor's supervision and authority; (c) failing to communicate any precautions, directives or educational materials that might be utilized between parent and child to identify inappropriate conduct that occurred between any student and adult, whether generally or specifically in relation to Coughenor; (d) allowing Coughenor to have unsupervised contact with minor students, including Plaintiff, without conducting, documenting and concluding a competent investigation into the allegations and specific facts brought to light prior to that time; and (e) allowing Coughenor to have unsupervised access to various rooms and areas at Board.

35. The deliberate indifference, actions and omissions described above caused Plaintiff to suffer criminal sexual abuse by Coughenor in 2019.

6

36. Title IX requires Board to provide educational opportunity on an equal basis to all students regardless of their gender.

37. Board failed to comply with Title IX in that despite prior reports of misconduct, Board continued to allow Coughenor unsupervised access to minor students and access to certain rooms and areas where Coughenor had the privacy to carry out the sexual abuse of minor students, including Plaintiff.

38. 20 U.S.C. § 1981 affords Plaintiff a civil cause of action for damages. 42 U.S.C. § 1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 20 USC § 1981.

39. As a direct and proximate result of the conduct of Board as described herein, Plaintiff has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, posttraumatic stress disorder, fatigue, social anxiety, anger, panic attacks and as a result thereof he has and will continue to experience: (a) physical and mental pain and suffering; (b) emotional distress; (c) loss of a normal life; (d) medical and counseling expenses; and (e) lost wages.

## SECOND CAUSE OF ACTION
(42 U.S.C. § 1983 - Graff)

40. Plaintiff incorporates his previous allegations as if fully rewritten herein.

41. Prior to Plaintiff's abuse by Coughenor, Graff knew or reasonably should have known that Coughenor exhibited dangerous propensities and was a threat of harm to minor students, including Plaintiff.

42. Graff was uniquely aware of Coughenor's propensity to commit acts of sexual harassment, sexual grooming, sexual abuse or misconduct against minor students, including

7

Plaintiff, making Coughenor's future misconduct and the harm that was likely to result from that future misconduct reasonably foreseeable to Graff.

43. Graff was uniquely aware that Coughenor had used Board property to perpetrate acts of sexual harassment, sexual grooming, sexual abuse and/or misconduct against minor students to which Coughenor had access by and through his employment with the school district.

44. Graff turned a blind eye to complaints of sexual harassment, sexual grooming, sexual abuse and misconduct, ignored complaints, failed to respond to allegations of misconduct, and acted with deliberate indifference to the rights of minor students, including Plaintiff.

45. Plaintiff was deprived of his constitutional liberty and equal protection interests under the Fourteenth Amendment by Graff's creation and promotion of policies, customs, or practices that fostered a climate to flourish where minor students, including Plaintiff, were left vulnerable to and actually were subject to sexual abuse, sexual grooming and sexual harassment by Coughenor, an agent, servant and/or employee of Board.

46. The conduct of Graff was arbitrary and offensive, shocking the conscience and interfering with minor students', including Plaintiff's, rights and liberties granted by the Constitution and protected by law.

47. 42 U.S.C. § 1983 affords Plaintiff a civil cause of action for damages. 42 U.S.C. § 1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 42 USC § 1983.

48. As a direct and proximate result of the conduct of Graff as described herein, Plaintiff has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, posttraumatic stress disorder, fatigue, social anxiety, anger, panic attacks and as a result thereof he has and will continue to experience: (a)

physical and mental pain and suffering; (b) emotional distress; (c) loss of a normal life; (d) medical and counseling expenses; and (e) lost wages.

49. The conduct of Graff constituted a violation of trust or confidence, showing complete indifference to or conscious disregard for the safety and well-being of Plaintiff and other minor students.

50. Justice and the public good require an award of punitive or exemplary damages in such sum which will serve to punish Graff and to deter like conduct.

### THIRD CAUSE OF ACTION
(42 U.S.C. § 1983 - BOARD)

51. Plaintiff incorporates his previous allegations as if fully rewritten herein.

52. Board established, through both action and inaction, a widespread policy, practice or custom of allowing sexual harassment, sexual grooming, sexual abuse and misconduct to continue to occur without corrective action.

53. Such policy, practice or custom includes, but is not limited to: (a) failing to report teacher-on-student sexual harassment, sexual grooming and sexual abuse to appropriate authorities; (b) failing to cure or even attempt to cure obvious and known risks to minor students at Board placed under Coughenor's supervision and authority; (c) failing to communicate any precautions, directives or educational materials that might be utilized between parent and child to identify inappropriate conduct that occurred between any student and adult, whether generally or specifically in relation to Coughenor; (d) allowing Coughenor to have unsupervised contact with minor students, including Plaintiff, without conducting, documenting and concluding a competent investigation into the allegations and specific facts brought to light prior to that time;

(e) allowing Coughenor to have unsupervised access to various rooms and areas at Board while having absolutely no effective plan for supervision or surveillance of Coughenor.

54. Board established such policy, practice or custom which fostered a climate facilitating sexual abuse of minor students by Coughenor and evidenced a reckless disregard and/or a deliberate indifference to the consequence that such action or inaction may, and did, have on minor students at Board, including Plaintiff.

55. Board members and administrators, and Graff in particular, had final policymaking authority of Board and exercised that granted authority in making decisions that perpetuated and/or allowed the sexual abuse of Plaintiff by Coughenor and caused Plaintiff's harm to occur and/or continue.

56. Plaintiff was deprived of his constitutional liberty interest and equal protection under the Fourteenth Amendment by Board's creation and promotion of policies, customs, or practices that fostered a climate to flourish where minor students, including Plaintiff, were left vulnerable to and actually were subject to sexual abuse by Coughenor, an agent, servant and/or employee of Board.

57. Board's conduct was arbitrary and offensive, shocking the conscience and interfering with minor students', including Plaintiff's, rights and liberties granted by the Constitution and protected by law.

58. 42 U.S.C. § 1983 affords Plaintiff a civil cause of action for damages. 42 U.S.C. § 1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 42 USC § 1983.

59. As a direct and proximate result of the conduct of Board as described herein, Plaintiff has sustained severe and permanent bodily injury, sickness and/or disease, including but not

limited to sleep disturbance, nightmares, depression, posttraumatic stress disorder, fatigue, social anxiety, anger, panic attacks and as a result thereof he has and will continue to experience: (a) physical and mental pain and suffering; (b) emotional distress; (c) loss of a normal life; (d) medical and counseling expenses; and (e) lost wages.

60. The conduct of Board constituted a violation of trust or confidence, showing complete indifference to or conscious disregard for the safety and well-being of Plaintiff and other minor students.

61. Justice and the public good require an award of punitive or exemplary damages in such sum which will serve to punish Board and to deter like conduct.

### FOURTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress – all Defendants)

62. Plaintiff incorporates his previous allegations as if fully rewritten herein.

63. The aforesaid conduct of all Defendants was outrageous.

64. As a direct and proximate result of Defendants' outrageous conduct, Plaintiff has suffered severe emotional distress as outlined above.

### FIFTH CAUSE OF ACTION
(Civil Assault and Battery - Coughenor)

65. Plaintiff incorporates his previous allegations as if fully rewritten herein.

66. Coughenor, without privilege to do so, committed assault and battery upon Plaintiff as described above.

67. As a direct and proximate result of Coughenor's assault and battery, Plaintiff has suffered the damages outlined above.

### SIXTH CAUSE OF ACTION
(Negligent Wanton or Reckless Conduct - Graff)

68. Plaintiff incorporates his previous allegations as if fully rewritten herein.

69. The conduct of Graff described above was negligent, wanton and reckless.

70. As a direct and proximate result of Graff's negligent, wanton or reckless conduct, Plaintiff has suffered the damages outlined above.

## SEVENTH CAUSE OF ACTION
(Victim of Crime, R.C. 2307.60 – Coughenor)

71. Plaintiff incorporates his previous allegations as if fully rewritten herein.

72. Plaintiff is the victim of the crime committed by Coughenor as described above.

73. As a victim of crime, Plaintiff is entitled to all rights and remedies afforded by R.C. 2307.60.

WHEREFORE, Plaintiff respectfully demands judgment against Defendants for compensatory damages in an amount to be determined by the jury, punitive damages, attorney fees, costs and all other relief to which he may be entitled.

Respectfully submitted,

/s/ *Konrad Kircher*
Konrad Kircher (0059249)
RITTGERS RITTGERS & NAKAJIMA
12 E. Warren St.
Lebanon, Ohio 45036
(513) 932-2115
(513) 934-2201 Facsimile
konrad@rittgers.com
*Lead Counsel for Plaintiff*


Ryan J. McGraw (0089436)
RITTGERS RITTGERS & NAKAJIMA
3734 Eastern Avenue
Cincinnati, Ohio 45226
(513) 932-2115
(513) 934-2201 Facsimile
ryan@rittgers.com
*Co-Counsel for Plaintiff*

/s/ Adam Chaudry

Adam Chaudry (0091953)
CHAUDRY LAW, LLC
180 Timber Oak Drive
Powell, Ohio  43017
Telephone: (740) 802-2320
Facsimile:  (614) 288-2744
E-mail:adamchaudry@chaudrylaw.com
*Co-Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands trial by a jury on all issues so triable.

/s/ *Konrad Kircher*
Konrad Kircher (0059249)