UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN DOE,

        Plaintiff,

   v.                                                Civil Action 2:23-cv-1006
                                                       Judge Michael H. Watson
                                                       Magistrate Judge Chelsey M. Vascura

**BOARD OF EDUCATION OF**
**COLUMBUS CITY SCHOOLS,** *et al.*,

        **Defendants.**

## ORDER

      This matter is before the Court on Plaintiff's Motion to Proceed Pseudonymously. (ECF No. 2.) Plaintiff filed his Complaint on March 19, 2023, identifying himself as John Doe. (ECF No. 1.) The claims in Plaintiff's Complaint arise out of allegations of sexual abuse he suffered as a minor. (*Id.*) Plaintiff's Motion states that his true identity is already known to Defendants and will be disclosed to the Court. (ECF No. 2.)

      Generally, a complaint must state the names of all the parties. Fed. R. Civ. P. 10(a). However, the Court "may excuse plaintiffs from identifying themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "In exercising its discretion, a court must balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure." *Malibu Media, LLC v. Doe*, No. 2:15-CV-2519, 2015 WL 12698036, at *1 (S.D. Ohio Aug. 26, 2015) (citing *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x. 423, 425 (6th Cir. 2001). To determine whether a plaintiff's privacy interests outweigh

the presumption in favor of openness, the United States Court of Appeals for the Sixth Circuit has identified factors to consider, including:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Porter*, 370 F. 3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). It is also relevant to consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case. *Id.* at 561.

The Court is persuaded that disclosure of Plaintiff's identity would equate to a disclosure of information "of the utmost intimacy." *Porter*, 371 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981). Plaintiff alleges sexual abuse by a school board employee when he was a minor. (*See generally* Complaint, ECF No. 1.) Courts throughout the country have routinely found that the privacy interests of alleged sexual assault victims outweigh the presumption in favor of openness. *See Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("fictitious names are allowed when necessary to protect the privacy of . . . rape victims, and other particularly vulnerable parties or witnesses."); *K.S. v. Detroit Pub. Sch.*, No. 14-12214, 2015 WL 13358204, at *3 (E.D. Mich. July 22, 2015) (allowing alleged sexual assault victim to proceed anonymously). Moreover, Defendants will not be prejudiced because they are already aware of Plaintiff's true identity.

Under the circumstances, the Court finds compelling reasons to protect Plaintiff's privacy and shield him from discrimination and harassment. Therefore, Plaintiff's Motion to Proceed Pseudonymously is **GRANTED**. (ECF No. 2.)

It is further **ORDERED** that:

(1) In all publicly filed documents, Plaintiff shall be identified only as John Doe. All documents filed with this Court that contain the Plaintiff's name, or contain information would permit identification of his name, directly or indirectly, shall be filed *in camera*. The filing party must also contemporaneously file a public version with any identifying information redacted.

(2) The parties shall take all other reasonable steps to prevent Plaintiff's name from being disclosed.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE